USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC# _____
DATE FILED: __6/30.20.20__

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

v.

AHMAD NAQVI,

Defendant.

~~[Proposed]~~
Order of Restitution

Docket No. S1 16 Cr. 356 (ER)

Upon the application of the United States of America, by its attorney, Audrey Strauss,

Acting United States Attorney for the Southern District of New York, Joshua A. Naftalis,

Assistant United States Attorney, of counsel; the presentence report; the Defendant's conviction

on Count One of the above Superseding Indictment; and all other proceedings in this case, it is

hereby ORDERED that:

1.   **Amount of Restitution**

Ahmad Naqvi, the Defendant, shall pay restitution in the total amount of $12,379,291.85,

pursuant to 18 U.S.C. §§ 3663 and 3663A, to the victims of the offense charged in Count One.

The names, addresses, and specific amounts owed to each victim are set forth in the Schedule of

Victims, attached hereto as Schedule A.  Upon advice by the United States Attorney's Office of a

change of address of a victim, the Clerk of the Court is authorized to send payments to the new

address without further order of this Court.

A.   **Joint and Several Liability**

Restitution is joint and several with the following defendant in the following case:  Fred

Elm, a/k/a "Fred Elmaleh," S1 16 Cr. 356 (ER).

B.   **Apportionment Among Victims**

Pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United

States is paid.  Restitution shall be paid to the victims identified in the Schedule of Victims,

2020.01.09

attached hereto as Schedule A, on a pro rata basis, whereby each payment shall be distributed proportionally to each victim based upon the amount of loss for each victim, as set forth more fully in Schedule A.

**2.**     **Schedule of Payments**

Pursuant to 18 U.S.C. § 3664(f)(2), in consideration of the financial resources and other assets of the Defendant, including whether any of these assets are jointly controlled; projected earnings and other income of the Defendant; and any financial obligations of the Defendant; including obligations to dependents, the Defendant shall pay restitution in the manner and according to the schedule that follows:

In the interest of justice, restitution shall be payable in installments pursuant to 18 U.S.C. § 3572(d)(1) and (2).  The Defendant shall commence monthly installment payments of an amount equal to 10 percent of the Defendant's gross income, payable on the first day of each month, upon release from prison.

If the Defendant defaults on the payment schedule set forth above, the Government may pursue other remedies to enforce the judgment.

**3.**     **Payment Instructions**

The Defendant shall make restitution payments by certified check, bank check, money order, wire transfer, credit card or cash.  Checks and money orders shall be made payable to the "SDNY Clerk of the Court" and mailed or hand-delivered to: United States Courthouse, 500 Pearl Street, New York, New York 10007 - Attention: Cashier, as required by 18 U.S.C. § 3611. The Defendant shall write his name and the docket number of this case on each check or money order. Credit card payments must be made in person at the Clerk's Office.  Any cash payments shall be hand delivered to the Clerk's Office using exact change, and shall not be mailed.  For payments by wire, the Defendant shall contact the Clerk's Office for wiring instructions.

4.   **Additional Provisions**

The Defendant shall notify, within 30 days, the Clerk of Court, the United States Probation Office (during any period of probation or supervised release), and the United States Attorney's Office, 86 Chambers Street, 3rd Floor, New York, New York 10007 (Attn: Financial Litigation Unit) of (1) any change of the Defendant's name, residence, or mailing address or (2) any material change in the Defendant's financial resources that affects the Defendant's ability to pay restitution in accordance with 18 U.S.C. § 3664(k).  If the Defendant discloses, or the Government otherwise learns of, additional assets not known to the Government at the time of the execution of this order, the Government may seek a Court order modifying the payment schedule consistent with the discovery of new or additional assets.

5.   **Restitution Liability**

The Defendant's liability to pay restitution shall terminate on the date that is the later of 20 years from the entry of judgment or 20 years after the Defendant's release from imprisonment, as provided in 18 U.S.C. § 3613(b).   Subject to the time limitations in the preceding sentence, in the event of the death of the Defendant, the Defendant's estate will be held responsible for any unpaid balance of the restitution amount, and any lien filed pursuant to 18 U.S.C. § 3613(c) shall continue until the estate receives a written release of that liability.

6.   **Sealing**

Consistent with 18 U.S.C. §§3771(a)(8) & 3664(d)(4) and Federal Rule of Criminal Procedure 49.1, to protect the privacy interests of victims, the Schedule of Victims, attached hereto as Schedule A, shall be filed under seal, except that copies may be retained and used or disclosed by the Government, the Clerk's Office, and the Probation Department, as need be to effect and enforce this Order, without further order of this Court.

SO ORDERED:

_____
HONORABLE EDGARDO RAMOS
UNITED STATES DISTRICT JUDGE

June 30, 2020
_____
DATE